**Peter R. PEREZ, Plaintiff–Appellant,**

v.

**Edward SIFEL, et al., Defendants–
Appellees.**

**No. 93–2887.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 1995.*

Decided May 9, 1995.**

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.

** This opinion was originally released as an unpublished order. The court has decided sua sponte to publish the order.

Peter R. Perez (submitted), Westville, IN, pro se.

Anthony DeBonis, Jr., Julie R. Fouts, Smith & DeBonis, Michael E. Connelly, East Chicago, IN, for Edward Sifel, Secundino Cruz, Willie Williams, East Chicago Police Dept.

Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.

PER CURIAM.

Appellant Peter Perez, an inmate at the Westville Correctional Center, brought this action under 42 U.S.C. § 1983 against several police officers. Appellant maintained that the appellee police officers violated his civil rights in procuring his conviction for child molestation. The district court granted summary judgment to the appellees on the basis of res judicata. We remand with instructions.

## DISCUSSION

Appellant was convicted of child molestation in Indiana state court on February 2, 1989, and sentenced to 15 years in prison. Appellant maintains that the appellee police officers violated his civil rights in conspiring to procure his conviction through a variety of improper actions, including an illegal search, an illegal arrest, committing perjury, falsifying evidence, and withholding exculpatory evidence. Appellant seeks substantial compensatory damages.

The majority of appellant's claims are not cognizable under § 1983. The Supreme Court has recently held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) (internal footnote omitted). Most of appellant's claims, if proven, would necessarily invalidate his conviction. As appellant has not yet successfully challenged his conviction, these claims are barred by *Heck.* However, because appellant could renew these claims if he ever succeeds in overturning his conviction, dismissal without prejudice is appropriate.

The claims relating to an illegal search and an improper arrest may not be barred, as neither claim would *necessarily* undermine the validity of the conviction. *See Heck,* —— U.S. at —— n. 7, 114 S.Ct. at 2372 n. 7; *Smith v. Springer,* 859 F.2d 31 (7th Cir.1988). However, these claims, even if not barred by *Heck,* would be barred by the statute of limitations. A cause of action under § 1983 for an improper arrest or search accrues at the time of the arrest or search. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992) (citing *Rinehart v. Locke,* 454 F.2d 313, 315 (7th Cir.1971)). Further, the two-year Indiana statute of limitations for personal injuries (Ind.Code § 34–1–2–2) applies to § 1983 claims. *See Bailey v. Faulkner,* 765 F.2d 102, 103 (7th Cir.1985). Because the arrest and search took place in July 1988, but this action was not filed until January 1, 1991, these claims are barred.

On remand the district court is to enter an order dismissing the *Heck*-barred claims without prejudice. The district court is also to evaluate the unreasonable search and arrest claims to ascertain whether a result favorable to the appellant would necessarily call the validity of his conviction into question. If the answer is yes, these claims are to be dismissed without prejudice, per *Heck.* If the answer is no, these claims are to be dismissed with prejudice as barred by the statute of limitations.

REMANDED WITH INSTRUCTIONS