70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Phillip B. ANDERSON, Plaintiff-Appellant,
v.
STATE of Illinois, et al., Defendants-Appellees.
 No. 95-1439.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 15, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 11, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Phillip Anderson, formerly a prisoner of Illinois, has filed this damages suit under 42 U.S.C. Sec. 1983 against the State of Illinois, the Illinois Department of Corrections, and numerous employees of the state. His papers are hard to decipher, but we gather that he believes that his conviction was improper, and that while in prison he was the victim of both physical and mental torture. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted.
 
 
 2
 Section 1983 does not authorize litigation against a state in its own name, so the suit against the State of Illinois must be dismissed for want of jurisdiction rather than on the merits. Alabama v. Pugh, 438 U.S. 781 (1978). So, too, the request for damages from the Illinois Department of Corrections is unavailing under the eleventh amendment. Will v. Michigan Department of Police, 491 U.S. 58 (1989). This claim, too, should have been dismissed on jurisdictional grounds.
 
 
 3
 To the extent Anderson challenges his conviction and imprisonment, Heck v. Humphrey, 114 S.Ct. 2364 (1994), presents an insuperable obstacle. Unless a conviction has been set aside, a federal court may not award damages under Sec. 1983 for wrongful conviction or imprisonment. This principle applies even after the term of imprisonment has come to an end. 114 S.Ct. at 2374 n. 10. The district court erred, however, in dismissing the complaint with prejudice. Under Heck a claim does not accrue until the conviction has been annulled; hence the proper disposition is dismissal without prejudice. Perez v. Sifel, 57 F.3d 503 (7th Cir.1995). A district court should not use doctrines of official immunity to anticipate what would happen if the conviction were set aside; that would be an advisory opinion.
 
 
 4
 Anderson's arguments concerning his treatment in prison are unaffected by Heck but have been filed too late. A two-year period of limitations applies to all Sec. 1983 claims in Illinois. Palmer v. Board of Education, 46 F.3d 682 (7th Cir.1995). According to Anderson's own allegations, the objectionable deeds ceased no later than 1965. The suit is therefore untimely. Once again, however, dismissal under Rule 12(b)(6) was inappropriate; the statute of limitations is an affirmative defense, so the appropriate disposition would have been a grant of summary judgment to the defendants.
 
 
 5
 The judgment of the district court is vacated, and the case is remanded with instructions (i) to dismiss the claims against the state and its subordinate bodies for want of jurisdiction, (ii) to dismiss the wrongful conviction and imprisonment claims without prejudice; and (iii) to award summary judgment to the defendants on the remaining claims.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement. After considering that statement, we deny the request for oral argument and decide the case on the briefs and record