81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James G. ASCHERMAN,
v.
Howard S. GRIMM, et al., Defendants-Appellees.
 Nos. 94-2302, 94-2334.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided March 22, 1996.
 
 Before FLAUM, EASTERBROOK and ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 James Ascherman brought this suit under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), demanding damages for the events that led to his convictions in Indiana for possession and distribution of drugs. The district court granted summary judgment to all of the defendants.
 
 
 2
 Howard Grimm was Ascherman's lawyer at his criminal trial. Ascherman believes that Grimm committed malpractice, but this contention, not supported by diversity of citizenship, is outside our jurisdiction. Because Grimm was not a state actor under the holding of Polk County v. Dodson, 454 U.S. 312 (1981), Ascherman's attempt to recast the malpractice claim in constitutional terms is unavailing. Grimm could be held liable under § 1983 if he conspired with state actors to deprive Ascherman of effective assistance of counsel, but no evidence in the record supports Ascherman's assertion that all of the defendants conspired against him. Summary judgment therefore was proper. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 3
 Richard Sand was the judge at Ascherman's trial and is absolutely immune from liability. Stump v. Sparkman, 435 U.S. 349 (1978). The state court plainly had jurisdiction, so the immunity principle of Stump applies.
 
 
 4
 Michael Miner, the prosecutor at trial, has absolute immunity for his acts in that role. Imbler v. Pachtman, 424 U.S. 409 (1976). Ascherman observes that prosecutors have only qualified immunity for their role in advising law enforcement agents during the investigation, see Burns v. Reed, 500 U.S. 478 (1991), but no evidence in the record suggests that Miner gave any pre-prosecution advice to agents.
 
 
 5
 David Allbritten, Ron Robinson, and Sam Whitaker were among the agents who searched Ascherman's house on December 14, 1989, on the authority of a warrant. Ascherman did not commence suit against these three agents until June 11, 1993, well after the two-year period of limitations that applies to both § 1983 and Bivens claims in Indiana. See Perez v. Sifel, 57 F.3d 503, 505 (7th Cir.1995). (Allbritten is a federal agent, to whom Bivens applies; Robinson and Whitaker are state agents.) Ascherman seeks to avoid the time problem by contending that the defendants conspired to deprive him of his property and to conceal their actions from him. The argument appeals to familiar doctrines--fraudulent concealment tolls the statute of limitations, and a conspiracy extends the time because the clock runs from the final conspiratorial act. But they lack support in the record. Ascherman was well aware of the search the day it occurred; he does not explain what has been concealed, fraudulently or otherwise. And there is no evidence of any post-search conspiracy to frustrate the vindication of his legal rights.
 
 
 6
 We add that because this was a simple case, the district court did not abuse its discretion in declining to recruit counsel for Ascherman.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)