81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph E. MAYER, Plaintiff-Appellant,
v.
Jeffrey A. HEIMS,* Town of Winamac, Indiana,
Defendants-Appellees.
 No. 95-2985.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 28, 1996.
Decided March 25, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Mayer brought this action against officer Jeffrey Heims ("Heims") and the Town of Winamac, Indiana, ("Winamac"), pursuant to 42 U.S.C. § 1983, claiming that his civil rights had been violated. Mayer claimed that Heims, an officer on the Winamac police force, had failed to protect him from an attack by third parties and that Winamac had failed to properly train and supervise Heims. After initially dismissing the case without prejudice, the district court vacated the order of dismissal and entered summary judgment in favor of Heims and Winamac. Mayer appeals. We vacate the judgment and remand with instructions to dismiss Mayer's claims without prejudice.
 
 FACTS
 
 2
 The case revolves entirely around the events of the evening of August 17, 1992. Mayer's account differs substantially from the police reports.
 
 
 3
 Mayer maintains that he, his brother Preston, and a friend, David Button, were out for the evening when they ran into Officer Heims. Heims was in uniform and on duty at the time. Mayer maintains that Heims directed him and his friends to go see three individuals who were waiting for them, Donald Martin, Michael Broshears, and Brad Smith. Mayer and his friends went to the rendezvous, which turned out to be an ambush. Martin, Broshears and Smith attacked Mayer and his colleagues, intending to kill or severely injure them. As luck would have it, they managed to overpower their attackers and survive. Mayer maintains that Heims knew about the ambush and deliberately guided Mayer and his friends into it, hoping they would be killed or badly injured.
 
 
 4
 The police tell a different story. The police reports indicate Heims and two Indiana State Police officers responded to a call regarding a disturbance. According to the police report, Mayer and his colleagues had rammed their truck into Martin's truck, which was parked in front of Martin's home. Mayer and his companions then exited their truck, kicked in Martin's door, and attacked Martin, Broshears and Smith. Neither Mayer nor his colleagues were injured in the melee. Martin and Smith, however, were both injured, Martin severely. Mayer and his brother were both arrested.[1] The Indiana State Police, rather than Heims, made the actual arrest. Mayer was charged with criminal recklessness resulting in serious bodily injury, criminal confinement, battery resulting in bodily injury and disorderly conduct. Mayer pled guilty to disorderly conduct on August 24, 1993. He received a 180-day suspended sentence and was placed on probation for one year. His probation was successfully terminated on August 31, 1994. Mayer never challenged his conviction on direct appeal or collaterally.
 
 
 5
 On October 11, 1994, Mayer filed this complaint against Heims and Winamac, alleging a violation of his civil rights. Mayer maintained that Heims deliberately directed Mayer into an ambush (failure to protect), falsely arrested him, and utilized his official powers to influence witnesses and subvert the investigation. Mayer maintained that he was forced to plead guilty as a consequence of Heims' duplicity. Mayer also challenged Winamac's policies, which allegedly contributed to the harm, and Winamac's failure to train and supervise Heims, despite knowing of his violent tendencies.
 
 
 6
 The appellees moved to dismiss on the grounds of res judicata and the inadequacy of the allegations of municipal involvement. Judge Sharp treated the motion as one for summary judgment, and ordered dismissal of the case, without prejudice, on the ground the action was barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994). Judgment of dismissal was entered on January 5, 1995. On January 25, 1995, Mayer moved to reconsider, arguing that he had not been given an adequate opportunity to respond to the motion. Judge Sharp granted the motion, vacated the earlier judgment of dismissal, and gave both sides the opportunity to supplement their earlier pleadings. Appellees largely reiterated their earlier positions, but added additional arguments regarding Heck and qualified immunity.
 
 
 7
 Pursuant to Rule 56, Judge Sharp granted judgment on the merits in favor of the appellees on May 31, 1995. The order incorporated the reasoning of the previous order as to Heck, but also concluded that Mayer failed to establish any involvement by the municipality, that Heims had qualified immunity, that Mayer had no damages, and that no duty to protect arose in the case. Mayer moved to reconsider on June 5, 1995; Judge Sharp denied the motion on July 18, 1995. Mayer filed a notice of appeal on August 17, 1995.
 
 
 8
 On appeal Mayer maintains that Heims had a duty to protect him, based on a special relationship, and that Winamac is accountable pursuant to its policies and failure to train and supervise Heims. Mayer also maintains that summary judgment was improper because the appellees submitted no evidence in favor of their theories.[2]
 
 ANALYSIS
 
 9
 This case comes to us on appeal from a grant of summary judgment which we review de novo. Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir.1994). The fundamental issue here is whether Mayer's claims are cognizable under § 1983 and thus subject to a judgment on the merits.
 
 The Supreme Court has held that:
 
 10
 in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. ... the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
 
 
 11
 Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). The issue is not the relief sought by the plaintiff, but the ground of the challenge. Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir.1996). Claims that would not necessarily undermine the validity of the conviction, such as claims for illegal searches or improper arrests, may be brought even if the conviction has not been invalidated, but only if a finding in the plaintiff's favor on the particular claim would not imply the conviction was invalid. Perez v. Sifel, 57 F.3d 503, 505 (7th Cir.1995). See also Simpson v. Rowan, 73 F.3d 134 (7th Cir.1995).
 
 
 12
 Mayer takes great pains to argue that he is not challenging any aspect of his arrest, conviction or sentence. Mayer maintains his action focuses entirely on Heims' conduct before the arrest even took place.[3] However, Mayer's action is based entirely on his contention that Heims deliberately directed him into an ambush by individuals that intended to kill or severely injure him. If Mayer prevails, the result would clearly indicate that his conviction is invalid, as it would show that his crime of conviction never took place. Mayer did not engage in "disorderly conduct" if he was an innocent man who was ambushed and forced to defend himself. The conviction indicates Mayer was the aggressor and wrongdoer in the encounter.
 
 
 13
 Mayer's counsel attempts to get around this result with two arguments. First, he seems to argue that the violent encounter had two components. In the first component, there was Heims, acting as an aider and abettor or coconspirator, directing Mayer into the ambush. This component ends when the assailants attack Mayer, but Mayer manages to defend himself. The second component takes over from there, with Mayer's successful self-defense turning into an assault when it goes too far. Mayer's counsel maintains that the conviction pertains only to second component, while Mayer's action pertains to first component. There are two difficulties with this argument. First, counsel's entire presentation relevant to this theory is one sentence: "And, it is vitally important here to not be confused by the claim that later on Mayer may have exceeded the defense of his person and become the aggressor with his assailants, with the independent and villainous acts of Officer in the first instance." (Mayer's Brief at 12) (emphasis added). Counsel cites no authority for this theory and refers to no factual support in the record. Thus the argument does not appear properly presented, per Fed.R.App.P. 28. Perfunctory arguments, underdeveloped arguments and arguments unsupported by pertinent authority are waived. See United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991), cert. denied, 112 S.Ct. 141 (1991). See also Reed-Union Corp. v. Turtle Wax, Inc., No. 95-1224, slip op. at 6 (7th Circuit, February 16, 1996); United States v. Mason, 974 F.2d 897, 901 (7th Cir.1992); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990), cert. denied, 111 S.Ct. 69 (1990). Second, the argument is at odds with his client's affidavits, which have been attached to both his pleadings in the district court and his brief on appeal, which give no indication Mayer's conduct ever exceeded self-defense.[4]
 
 
 14
 Secondly, counsel argues that Mayer should not be required to invalidate his conviction. Counsel maintains that because Mayer is no longer in custody, he cannot seek a federal writ of habeas corpus, and would therefore be barred from ever getting redress in the federal courts. This argument is also flawed. In Heck, Justice Scalia indicated, in dicta, that the fact a former prisoner could no longer challenge his conviction did not change the result, given the principles in favor of barring collateral attacks on old convictions. 114 S.Ct. at 2374 n. 10.[5] The Sixth Circuit has explicitly held that the Heck bar applies to both prisoners and persons no longer in custody. Schilling v. White, 58 F.3d 1081, 1086 (6th Cir.1995). The Sixth Circuit concluded that until the conviction has been invalidated "there has been no injury of constitutional proportions, and thus no § 1983 suit may exist." Id. The court further stated that the issue was not that the person who was no longer in custody was being denied a federal forum, but instead that the person lacks "a legitimate legal claim requiring adjudication." Id. at 1087. Cf. McClendon v. Trigg, No. 95-2465, slip op. (7th Cir. March 6, 1996) (Heck bar not lifted by death of petitioner).[6] Further, there are other avenues for invalidating a conviction.
 
 
 15
 Mayer concedes he did not challenge his conviction on direct appeal and has not indicated that he even investigated the possibility of state post-conviction relief or some form of expungement. Thus, his contention that all federal relief would be barred is, at minimum, premature. A review of the adequacy of Mayer's allegations is unnecessary, as his cause of action will not accrue until he successfully invalidates his conviction. See Heck, 114 S.Ct. at 2374.
 
 CONCLUSION
 
 16
 As the district court correctly reasoned in its initial decision, "Heck clearly applies and forecloses any present action against either Officer Heims or the Town of Winamac, Indiana in this case". The district court then properly entered a dismissal of Mayer's § 1983 claims without prejudice. See Perez, 57 F.3d at 505.
 
 
 17
 This dismissal was, however, subsequently vacated and the district court took a second look at the matter. This time, while again acknowledging that "Heck squarely applies", it went on to enter a judgment on the merits. This was error because, indeed, Mayer's § 1983 claims which formed the basis of his complaint were not cognizable in that they have not yet accrued. Heck, 114 S.Ct. at 2372. The final judgment is therefore vacated, and the case is remanded for entry of an order dismissing the case without prejudice.
 
 
 18
 VACATED AND REMANDED.
 
 
 
 *
 Officer Heims is sued in both his individual and official capacity. The Winamac Police Department was also originally named as a defendant, but apparently dismissed from the case by the district court because the department is not a suable entity
 
 
 [1]
 Button fled when the police arrived
 
 
 [2]
 Appellees' arguments were based entirely on the inadequacies of Mayer's complaint and his affidavits. In effect, their motion for summary judgment was analogous to a second motion to dismiss. Mayer made no motion pursuant to Fed.R.Civ.P. 56(f)
 
 
 [3]
 On appeal, Mayer has abandoned his claims regarding Heims alleged post-arrest conduct, which included intimidating witnesses and otherwise interfering with the investigation. These claims would clearly be Heck barred. See Perez, 57 F.3d at 505
 
 
 [4]
 Mayer's two affidavits contain very limited descriptions of the altercation and provide no indication that Mayer was anything but a victim. The original affidavit described the encounter as follows:
 
 
 [5]
 These three individuals were indeed waiting for us, and proceeded to attack and beat us to the point where we feared for our lives, thinking they intended to kill us
 (Record # 1, Exhibit I).
 Mayer's second affidavit provided:
 
 
 [5]
 The facts, as alleged by Defendants are not correct. Officer Heims did not arrest me nor did he prosecute me, he (while on duty) directed me to a situation with fully [sic] knowledge and intent to have me killed or cause me great bodily harm. The further facts are that, I was stronger than my assailants, overpowered them, was subsequently asserted [sic] by the Indiana State Police, charged by the Sheriff and Prosecuted by the County
 (Record # 27, Exhibit I).
 
 
 [5]
 Justice Souter, writing for the concurring justices, disagreed and indicated that federal review could not be foreclosed in such circumstances. 114 S.Ct. at 2379
 
 
 [6]
 There is some dispute as to whether the Heck bar could present a "collateral consequence" which would justify the review of an expired or otherwise terminated sentence in a federal habeas proceeding. This court has held the answer is no, at least when the petitioner's habeas petition has been rendered moot by the petitioner's death. See McClendon, slip op. The Eighth Circuit has reached a contrary result. See Leonard v. Nix, 55 F.3d 370, 373 (8th Cir.1995)