92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fred HOLLAND, Plaintiff-Appellant,
v.
INDIANA DEPARTMENT OF CORRECTIONS, John Barnes, and Lori
Ditmer, Defendants-Appellees.
 No. 95-2629.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 19, 1996.
Rehearing Denied Aug. 12, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Fred Holland brought suit under 42 U.S.C. § 1983, alleging that his constitutional rights to due process and equal protection were violated during a prison disciplinary hearing. The district court dismissed the action, and Holland appealed.
 
 
 2
 Holland was charged with possessing gambling paraphernalia, a class "B" offense. According to Holland, at the hearing on the charge defendant Barnes found him guilty of gambling. When Holland asked on what evidence Barnes based his finding, Barnes stated that he didn't have to show Holland any evidence, but that Holland was guilty. As punishment Holland's typewriter was confiscated for two months, he was moved out of honor housing, he lost his job, and he lost an opportunity to appear before the Parole Board. Claiming that his constitutional rights were violated because he was found guilty without evidence and because he, as a black inmate, was treated differently than similarly situated white inmates, Holland brought suit in federal court against the Indiana Department of Corrections, Barnes, and Lori Ditmer, the Disciplinary Review Manager who sustained Barnes's decision.[1] After reviewing the district court's dismissal under Rule 12(b)(6) de novo, Propst v. Bitzer, 39 F.3d 148, 154 (7th Cir.1994), cert. denied, 115 S.Ct. 1400 (1995), we affirm in part and reverse in part.
 
 
 3
 Holland's due process claims are not cognizable under § 1983 and thus were properly dismissed. In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." We have applied Heck in prison disciplinary proceedings. Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir.1996).[2] Holland has made no such showing and therefore, because his due process claim reflects directly on the validity of the disciplinary proceeding, his complaint fails to state a cause of action.[3] Cf. Perez v. Sifel, 57 F.3d 503 (7th Cir.1995) (per curiam) (Heck barred § 1983 action charging conspiracy to procure conviction through perjury, falsifying evidence, and withholding exculpatory evidence).
 
 
 4
 Holland's equal protection challenge, however, is not barred by Heck because it does not tend to invalidate the results of the disciplinary proceeding. Holland has alleged that because he is black, he was found guilty of a class "B" conduct report, whereas similarly situated white inmates were charged with less severe class "C" offenses. Further, he states that in prison disciplinary proceedings blacks are generally punished more severely than whites because of their race. "[A]bsent a compelling state interest, racial discrimination in administering prisons violates the Equal Protection Clause of the Fourteenth Amendment." Black v. Lane, 824 F.2d 561, 562 (7th Cir.1987) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)); see also Antonelli v. Sheahan, 81 F.3d 1422, 1433 (7th Cir.1996) ("Because Mr. Antonelli suggests that discriminatory motives impelled discriminatory treatment of him, he has stated an equal protection claim."). "A plaintiff 'must demonstrate intentional or purposeful discrimination' to show an equal protection violation." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1982). Given Holland's allegations of intentional discrimination, which we must take as true for the purpose of this motion to dismiss, Propst, 39 F.3d at 154, we cannot conclude that there is no set of facts entitling Holland to relief on this claim. Consequently, the district court's dismissal of that claim is reversed.[4]
 
 
 5
 AFFIRMED in part, REVERSED in part.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Holland also alleges that a prison guard deprived him of twenty cartons of cigarettes without due process. The defendants named in this appeal, however, have no connection with that incident and therefore we disregard those allegations
 
 
 [2]
 Cf. Balisok v. Edwards, 70 F.3d 1277 (9th Cir.1995) (unpublished order), cert. granted, 116 S.Ct. 1564 (1996)
 
 
 [3]
 In addition, under Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995), it is unlikely that Holland's punishment, which essentially amounted to loss of privileges, would constitute an "atypical, significant" deprivation and thus be considered a liberty interest protected by the Due Process Clause
 
 
 [4]
 We note that Holland requests monetary damages for his alleged injuries. The Eleventh Amendment bars monetary actions against the Indiana Department of Corrections and Barnes and Ditmer in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Kentucky v. Graham, 473 U.S. 159, 169 (1985); Moore v. Indiana, 999 F.2d 1125, 1128-29 (7th Cir.1993). Barnes and Ditmer, however, are amenable to suit for monetary damages in their individual capacities. Hafer v. Melo, 502 U.S. 21, 31 (1991)