108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
J.T. SMITH, Plaintiff-Appellant,
v.
Officer PRZYBLYSKI, et al., Defendants-Appellees.
 No. 95-2816.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.[1]
Decided March 19, 1997.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff J.T. Smith has filed numerous civil rights actions, 42 U.S.C. § 1983, alleging that defendants[2] conspired to convict him of murder by perjury and fraudulent concealment of evidence. The district court dismissed certain claims under Fed.R.Civ.P. 12(b)(6), and others under 28 U.S.C. 1915(d) (1995)[3], on the basis that the original complaint and the supplemental complaint were both deficient as a matter of law, and legally frivolous.[4]
 
 
 2
 Smith was convicted of two counts of first degree murder, armed violence, and unlawful use of a firearm by a felon, and sentenced to concurrent terms of 31 years' imprisonment for the two murder counts, and five years' imprisonment for the firearm offense. The convictions and sentences were affirmed by the Illinois Appellate Court, No. 1-90-3058 (Ill.App., 1st Dist., 4th Div. March 17, 1994) (unpublished order)
 
 
 3
 The district court dismissed all claims under Heck v. Humphrey, 114 S.Ct. 2364 (1994), which we discuss below. To the extent that it is possible that the complaint can be read as raising a Fourth Amendment claim based on an unlawful arrest, see Smith v. Board of Trustees, 34 F.3d 432, 434 (7th Cir.1994), that claim would not fall under the Heck bar. Heck, 114 S.Ct. at 2373 n. 7 (claims for unreasonable search or unlawful arrest are of the type that "would not necessarily imply that the plaintiff's conviction was unlawful"), Simpson v. Rowan, 73 F.3d 134 (7th Cir.1995). Instead, it would face a statute of limitations problem. The applicable Illinois statute of limitations is two years. Farrell v. McDonough, 966 F.2d 279, 282 (7th Cir.1992). The arrest occurred in 1988, and a cause of action for unlawful arrest accrues at the time of arrest. Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir.1992) (Even Smith's complaint refers to September 1990 as the latest date upon which any violation of his constitutional rights occurred, and the complaint was filed 3 1/2 years later.) Smith has clearly passed the two-year statute of limitations.
 
 
 4
 In the event that Smith is attempting to raise a malicious prosecution claim, he must adequately allege that the criminal proceeding terminated in his favor. Heck v. Humphrey, 114 S.Ct. 2364, 2371 (1994); Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir.1996); Curtis v. Bembenek, 48 F.3d 281, 286 (7th Cir.1995). Thus, a cause of action for malicious prosecution "does not accrue until the criminal proceedings have terminated in the plaintiff's favor." Heck, 114 S.Ct. at 2374.
 
 
 5
 In regard to Smith's other claims, under Heck v. Humphrey, a civil rights action alleging "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 114 S.Ct. at 2372. Smith's allegations of conspiracy to prosecute him for murder, if proved, would obviously invalidate his murder conviction. See Perez v. Sifel, 57 F.3d 503 (7th Cir.1995) (per curiam) (Heck bars § 1983 action alleging conspiracy to procure conviction through perjury, falsifying evidence, and withholding exculpatory evidence). And Smith concedes that the conviction has not been disturbed in any way.[5] Consequently, the claims based on allegations which did not raise the Fourth Amendment violations were properly dismissed under Heck. We add that the holding in Heck is clear, and was carefully explained to Smith by the district courts in both this suit and in Smith v. Washington, No. 96-1532 (7th Cir. Nov. 21, 1996) (unpublished order). As a result, we find that this appeal is frivolous.
 
 
 6
 Under the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, Title VIII, 110 Stat. 1321 (April 26, 1996), a prisoner's ability to file civil rights actions in federal court at public expense is greatly curtailed if he has had three actions or appeals dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g) (eff. April 26, 1996). See Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996):
 
 
 7
 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (eff. April 26, 1996).
 
 
 8
 In a civil rights action filed by Smith (unrelated to the present suit[6]), the district court dismissed the action as frivolous under § 1915(d), and we recently affirmed, Smith v. Washington, No. 96-1532 (7th Cir. Nov. 21, 1996) (unpublished order), holding that the materials submitted by Smith were "rambling and largely incomprehensible," the claims were frivolous, and the portion of the action challenging the legality of a disciplinary proceeding was barred by Heck, see Miller v. Indiana Dept. of Corrections, 75 F.3d 330 (7th Cir.1996). We also found to be frivolous a "host of other claims" raised in appeal No. 96-1532.
 
 
 9
 With the district court's 12(b)(6) and 1915(d) dismissals in this case, the fact that we find this appeal frivolous, and the 1915(d) dismissal affirmed in No. 96-1532, Smith has now used all three chances afforded him under the PLRA.[7] Consequently, in any new cases or new appeals, Smith must prepay the entire docket fee in full before the case can be filed. 28 U.S.C. § 1915(b). The restriction does not apply to any cases now pending in this court or in the district courts; however, it will be applied to new cases or new appeals filed by Smith in the future. See Abdul-Wadood v. Nathan, 91 F.3d 1023, 10 (1996). Smith can avoid this requirement only if he "is under imminent danger of serious physical injury."
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [2]
 Defendants include members of the Chicago Police Department; Cook County prosecutors and public defenders. Cook County medical examiners, Michael Reese medical examiners, a state judge, a court reporter, and a private attorney
 
 
 [3]
 Now 28 U.S.C. § 1915(e)
 
 
 [4]
 The four sets of defendants who filed motions to dismiss had those motions granted. The district court then added "Because the claims asserted [are] frivolous as a matter of law, those defendants who have not joined in the motions to dismiss are dismissed under 28 U.S.C. § 1915(d)."
 
 
 [5]
 In a rather garbled statement addressing Heck, Smith provides this argument, which we set forth as it is presented in the handwritten pro se brief that "in this instance case appellant complaint regardless of the relief sought (reversal of his state conviction) the complaint should be sustained against the private persons who conspired with private of public officials, because the allegations of conspiracy are sufficiently specific." (Appellant's Brief, p. 22)
 
 
 [6]
 In that action, Smith alleged that a multitude of defendants conspired to either cause him severe bodily harm or murder him
 
 
 [7]
 The district court remarked that "Smith has made a cottage industry out of suing those involved in his prosecution. This is the eleventh civil rights suit he has filed concerning the criminal proceedings against him." The court lists Smith v. City of Chicago, 94 C 2866 [in appeal No. 94-3244, on March 30, 1995, in an unpublished order this court summarily affirmed the district court judgment], Smith v. City of Chicago, 92 C 7276, Smith v. Thompson, 92 C 4839; Smith v. Circuit Courts of Cook County, 91 C 5570, Smith v. Green, 91 C 5569; Smith v. Cook County Public Defender, 90 C 3034; Smith v. Green, 90 C 2888; Smith v. Cook County State's Attorney, 90 C 2584; Smith v. Green, 90 C 1803, and Smith v. Green, 90 C 422