114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth E. GENTRY, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, Superintendent, Mauro Chavez, Doctor, Han
C. Choi, Doctor, Karen Allen, Head Nurse, and Ken
Smith, Defendants-Appellees.
 No. 95-3565.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997.*
Decided May 13, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Inmate Kenneth Gentry sued various prison officials under 42 U.S.C. § 1983, claiming that he was denied proper medical care for a broken ankle and otherwise imperiled with injury by defendants' deliberate indifference in violation of the Eighth Amendment. The district court granted summary judgment to the defendants on the ground that the "assemblage of evidentiary rubble" submitted by Gentry failed to establish the existence of a genuine dispute of material fact that could conceivably permit Gentry to prevail if his claims went to trial. We affirm.
 
 
 2
 Most of Gentry's claims are based on allegedly illegal conduct that occurred in 1991, more than two years prior to his filing suit in September 1994, thus they are barred by the applicable Indiana statute of limitations, Ind.Code § 34-1-2-2; see Perez v. Sifel, 57 F.3d 503, 505 (7th Cir.1995). As for the claims within the limitations period, even assuming (generously) that they state constitutional violations by these particular defendants (for example, Gentry says he was denied "medical pay" for the two-year period that he was unable to work, and that he was transferred to another facility, both allegedly in retaliation for his filing of grievances), the claims fail because Gentry neglected to marshal admissible evidentiary materials establishing any genuine dispute of material fact. Despite being repeatedly warned of the required manner of opposing a motion for summary judgment, see Fed.R.Civ.P. 56(e); Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), Gentry submitted what the district court rightly described as a "swarm of unauthenticated, undescribed and occasionally undecipherable documents" which can not individually or collectively be thought to substantiate a constitutional violation. The district court did not err in finding that Gentry has failed to meet his burden.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)