**ALD-068**                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3380
_____

MARCUS DUKES,
                    Appellant

v.

CATHERINE E. PAPPAS, Senior Trial Counselor, Securities and Exchange
Commission; AMY GREER, (Securities and Exchange Commission); KATY CODY,
(Securities and Exchange Commission); KEVIN DELACY, (Securities and Exchange
Commission); LUCY CARDWELL, Assistant Attorney General of Maryland

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-3869)
District Judge:  Honorable William H. Yohn Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: December 28, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Pro se appellant Marcus Dukes appeals the District Court's dismissal of his

complaint under 28 U.S.C. § 1915(e).  We have jurisdiction pursuant to 28 U.S.C. § 1291

and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Dukes co-founded the Financial Warfare Club and Covenant EcoNet, Inc., which sold memberships in a purported investment club to African Americans. The FBI and SEC investigated Dukes and ultimately instituted civil and criminal actions against him. The criminal action proceeded first, and Dukes was convicted of mail fraud and money laundering and sentenced to 108 months' imprisonment. Dukes's attempts to challenge the conviction — both on appeal and in a proceeding under 28 U.S.C. § 2255 — were unsuccessful. At the conclusion of the criminal action, the civil action resumed, and the United States District Court for the Eastern District of Pennsylvania granted summary judgment to the SEC on its claims that Dukes committed fraud and violated the Securities Act.

Dukes then filed this action. In his second amended complaint, which is at issue in this appeal,[1] he asserted claims arising under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). More specifically, he raised two claims: (1) several attorneys and an accountant employed by the SEC ("the SEC defendants")

---

[1]It is unclear whether Dukes continues to assert claims that he included in his first amended complaint but omitted from his second amended complaint. To the extent that those claims have not been waived, see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007), we conclude, for essentially the reasons provided by the District Court, that the claims fail as a matter of law.

2

created a spreadsheet for the criminal prosecution cataloging Dukes's companies' financial transactions and violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by refusing to disclose the spreadsheet to the prosecution or Dukes; and (2) an SEC defendant and Maryland's assistant attorney general made and continue to make defamatory statements about Dukes's businesses, thus undermining his efforts to recover lost money.[2]

The District Court permitted Dukes to proceed in forma pauperis, but then rejected both claims and dismissed the complaint sua sponte pursuant to 28 U.S.C. § 1915(e). The Court concluded that any amendment would be futile and thus dismissed the complaint without providing leave to amend.

We discern no error in the District Court's ruling that Dukes's Brady claim fails. While Brady claims are typically directed against prosecutors, we have suggested that other government actors may be liable for failing to disclose exculpatory information to the prosecutor, see Yarris v. County of Delaware, 465 F.3d 129, 141 (3d Cir. 2006), and we assume here that the SEC defendants represent a proper target. Nevertheless, a meritorious Brady claim, by definition, implies the invalidity of the attendant criminal conviction. See Strickler v. Greene, 527 U.S. 263, 281 (1999) ("[T]here is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.").

---

[2]Dukes's claims against the SEC defendants are properly brought under Bivens, while his claim against Maryland's assistant attorney general is properly brought under § 1983. See Lora-Pena v. Fed. Bureau of Investigation, 529 F.3d 503, 504 n.1 (3d Cir. 2008). The legal analysis detailed below applies with equal force to both species of claims.

Dukes's Brady claim is therefore barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994). See, e.g., Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999) (holding that Brady claims implicate the validity of the resulting conviction and are thus barred by Heck).

Dukes seeks to avoid this result by arguing that while this spreadsheet would have been helpful to him, further proceedings are necessary before it can be determined whether its suppression was sufficiently prejudicial to call his criminal verdict into question. However, this argument cuts both ways. If there is not a "reasonable probability that his conviction or sentence would have been different had these materials been disclosed," then there has been no Brady violation, Strickler, 547 U.S. at 296, and Dukes has failed to plead the underlying constitutional violation necessary to make out a Bivens claim, see Bivens, 403 U.S. at 397. Accordingly, under either scenario, Dukes's claim cannot succeed.

We also affirm the District Court's alternative holding that there was no Brady violation because the information Dukes claims the government withheld was known by and available to him. "[T]he rationale underlying Brady is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." United States v. Zackson, 6 F.3d 911, 918 (2d Cir. 1993) (internal quotation marks omitted, emphasis added). Therefore, "Brady does not compel the government to furnish a defendant with information which he

4

already has or, with any reasonable diligence, he can obtain himself." United States v. Pelullo, 399 F.3d 197, 213 (3d Cir. 2005) (internal quotation marks omitted).

Dukes does not allege that he was unaware of or unable to obtain information concerning the financial transactions cataloged in the spreadsheet; to the contrary, as the District Court noted, in his criminal appeal he acknowledged that he had access to relevant bank records before trial. See United States v. Dukes, 242 F. App'x 37, 49 (4th Cir. 2007); see also United States v. Dixon, 132 F.3d 192, 199 (5th Cir. 1997) (no Brady violation when government seized defendants' financial records because defendants either knew or should have known about this information). While Dukes may have found it more convenient to work from the government's spreadsheet than from the raw financial information that he either already had or could have acquired with reasonable diligence, Brady does not require the government "to facilitate the compilation of exculpatory material that, with some industry, defense counsel could marshal on their own." United States v. Runyan, 290 F.3d 223, 246 (5th Cir. 2002).

We likewise agree with the District Court that Dukes's defamation claim lacks merit. "The Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 400 (3d Cir. 2000). This bar applies even where the plaintiff claims that the defamatory statement caused financial injury. See Kelly v. Borough of Sayreville, 107

5

F.3d 1073, 1078 (3d Cir. 1997). Therefore, Dukes's defamation claim fails as a matter of law.[3]

Finally, we are satisfied that further amendment to Dukes's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). We will thus summarily affirm the District Court's order dismissing Dukes's second amended complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3]To the extent that Dukes asserts claims against SEC employees Kevin Delacey and Katy Cody for creating false evidence for use at his 2005 criminal trial, these claims are also barred by Heck. See, e.g., Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995). Even if they were not, the claims would still fail because, as the District Court correctly held, they are barred by the applicable statute of limitations.