CLD-142                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1012
_____

SECURITIES AND EXCHANGE COMMISSION

v.

FINANCIAL WARFARE CLUB, INC. (MD); FINANCIAL WARFARE, INC.;
FINANCIAL WARFARE CLUB, INC. (NV); COVENANT ECONET, INC.; MARCUS
D. DUKES; TERESA HODGE

MARCUS D. DUKES,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-7156)
District Judge:  Anita B. Brody
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2011

Before:  RENDELL, FUENTES AND SMITH, Circuit Judges

(Opinion filed: April 19, 2011)
_____

OPINION
_____

PER CURIAM

        Marcus Dukes, proceeding pro se, appeals the District Court's order denying his

1

motion under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, we will summarily affirm.

This appeal is the latest step in a series of related cases involving Dukes. Dukes co-founded the Financial Warfare Club and Covenant EcoNet, Inc., which sold memberships in a purported investment club to African-Americans. The SEC and FBI investigated Dukes and ultimately instituted civil and criminal actions against him. The criminal action proceeded first, and Dukes was convicted of mail fraud and money laundering and sentenced to 108 months' imprisonment. Dukes's attempts to challenge the conviction on direct appeal and under 28 U.S.C. § 2255 were unsuccessful.

At the conclusion of the criminal action, the SEC's civil action — which is the action now before us — resumed. On January 11, 2008, the District Court granted summary judgment to the SEC on its claims that Dukes violated the antifraud and registration provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. After a year of no activity in the case, Dukes began to challenge the District Court's order. In May 2009, he filed a motion seeking discovery from the SEC, and in June 2009, he asked the District Court to reopen the time for him to appeal. The District Court denied the motions in July 2009.

At around this time, Dukes filed a separate civil-rights case under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against several attorneys and an accountant employed by the SEC. Dukes claimed that the SEC had created a spreadsheet for the criminal prosecution cataloging Dukes's companies' financial transactions and violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by refusing to disclose

2

the spreadsheet to the prosecution or Dukes. The District Court dismissed Dukes's complaint, and we affirmed, holding, <u>inter alia</u>, that "there was no <u>Brady</u> violation because the information Dukes claims the government withheld was known by and available to him." <u>Dukes v. Pappas</u>, No. 10-3380, 2010 U.S. App. LEXIS 26371, at *5 (3d Cir. Dec. 28, 2010). We noted that while Dukes may have preferred to "work from the government's spreadsheet than from the raw financial information that he either already had or could have acquired with reasonable diligence, <u>Brady</u> does not require the government 'to facilitate the compilation of exculpatory material that, with some industry, defense counsel could marshal on their own.'" <u>Id.</u> at *6 (quoting <u>United States v. Runyan</u>, 290 F.3d 223, 246 (5th Cir. 2002)).

On July 18, 2010 (two days before the District Court dismissed his civil-rights complaint), Dukes filed a motion for relief under Rule 60(b) in the SEC's civil action. He claimed that the SEC had committed fraud by failing to turn over the spreadsheet that was the subject of his civil-rights action. The District Court denied Dukes's motion, and he then initiated the instant appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Dukes's motion as seeking relief pursuant to Rule 60(b)(6),[1] and review the denial of the motion for abuse

---

[1]     Rule 60(b) provides six grounds under which a litigant can obtain relief from a final judgment. Dukes cannot seek relief under subsection (1), (2), or (3) because they are subject to a one-year time limitation, <u>see</u> Rule 60(c)(1), and he filed his Rule 60(b) motion about two-and-a-half years after the District Court entered judgment. Further, because there is no basis to conclude that the judgment is void or that the judgment "is based on an earlier judgment that has been reversed or vacated," subsections (4) and (5) are likewise inapplicable.

3

of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  As we have explained, "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (internal quotation marks omitted).

Dukes's argument seems to be that because the SEC did not disclose the spreadsheet during the criminal action, the judgment in that case was founded on fraud, and the District Court therefore should not have accorded collateral-estoppel effect to that judgment in this case.  Even if we assume for the sake of argument that the existence of fraud in the underlying case can provide a defense to the assertion of issue preclusion, see In re Braen, 900 F.2d 621, 628 (3d Cir. 1990); Restatement (Second) of Judgments § 28 cmt. j, Dukes has not made the necessary showing here.  Dukes's argument depends on his assumption that the government was required to provide the spreadsheet to him in the criminal case.  However, as we held in his civil-rights case, because the spreadsheet was merely a summary of Dukes's own bank records, the government was not required to disclose it.  Dukes presents no other argument in support of his allegations of fraud, and accordingly, we conclude that the District Court did not abuse its discretion in denying his Rule 60(b)(6) motion.[2]  See Plotner v. AT&T Corp., 224 F.3d 1161, 1170 (10th Cir.

---

[2]    To the extent that Dukes is attempting to raise a fraud-on-the-court claim, the claim fails.  In Dukes's first Rule 60(b) motion, he complained generally that the government had engaged in fraud in the discovery process in the criminal case.  The government responded that those allegations were untrue, and the District Court denied the motion on the ground that discovery issues in the criminal case were irrelevant to the civil case.  Given our conclusion that the government was not obligated to disclose the

4

2000).

There is an even more fundamental problem with Dukes's motion. He claims that his newly discovered evidence shows that the SEC committed fraud. He thus could have raised this claim under either Rule 60(b)(2) (allowing relief in cases of newly discovered evidence) or Rule 60(b)(3) (allowing relief in cases of fraud or misconduct by an opposing party); the availability of relief under those subsections renders subsection (b)(6) unavailable to him here. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (explaining that "clause (6) and clauses (1) through (5) are mutually exclusive"); see also In re Grand Jury Subpoena Directed to Dakota Cheese, 923 F.2d 576, 577 (8th Cir. 1991) (holding that motion based on newly discovered cannot be brought under Rule 60(b)(6)). And, as noted above, see note 1, his motion was filed outside the one-year limitation period applicable to clauses (2) and (3).

Accordingly, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's order denying Dukes's Rule 60(b)(6) motion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

spreadsheet during the criminal action, its failure to do so and its later defense do not amount to a fraud on the court. See generally Herring v. United States, 424 F.3d 384, 386-387 (3d Cir. 2005) ("a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself" (internal quotation marks omitted)); see also Gleason v. Jandrucko, 860 F.2d 556, 559-60 (2d Cir. 1988).