■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AMAKER, Appellant. [602 NYS2d 546] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 30, 1989, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant alleges that he was denied the effective assistance of counsel. We disagree. Viewing the evidence, the law, and the circumstances of the case in totality, we find that the defendant was provided with meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147; People v Satterfield, 66 NY2d 796).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]), and, in any event, are without merit. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE DAVIS, Appellant. [602 NYS2d 546] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Scarpino, J.), rendered September 6, 1991, convicting her of robbery in the second degree, grand larceny in the fourth degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in not instructing the jury that evidence of guilt of each of two separate criminal incidents could not be considered evidence of guilt of the other incident was not preserved for appellate review (see, CPL 470.05 [2]; People v Lewis, 175 AD2d 885). In any event, the defendant's claim is without merit. The modus operandi of the crimes was sufficiently unique so that evidence of each crime would have been admissible upon a trial of the other as probative of the issue of identity (see, People v Carlson, 180 AD2d 743).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.