**GLOBAL NETWORK COMMU-
NICATIONS, INC., Plain-
tiff–Appellant,**

v.

**CITY OF NEW YORK and City of New
York Department of Information
Technology and Telecommunications,
Defendants–Appellees,**

**Gino O. Menchini, in his official
capacity, Stanley Shor, in his
official capacity, Defendant.**

**Docket No. 05–3298–cv.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 31, 2005.

Decided July 21, 2006.

Amended July 28, 2006.

Robert G. Scott, Jr., Washington, DC (T. Scott Thompson, Maria C. Moran, Cole, Raywid & Braverman, LLP, Washington, DC; J. Michael Gottesman, New York, New York) of counsel, for Plaintiff–Appellant.

Bruce Regal, New York, New York (Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow, Diana M. Murray, John Hogrogian, New York, New York) of counsel, for Defendants–Appellees.

Joel Marcus, Washington, D.C. (Samuel L. Feder, General Counsel, Daniel M. Armstrong, Associate General Counsel, Federal Communications Commission, Washington, DC), of counsel, filed a brief on behalf of the Federal Communications Commission as amicus curiae.

Before: WALKER, Chief Judge, FEINBERG and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge.

Plaintiff Global Network Communications, Inc. (Global, plaintiff, or appellant) appeals from a judgment of the United States District Court for the Southern District of New York (Stanton, J.) dated and entered June 14, 2005, dismissing its complaint against defendants City of New York (City) and City of New York Department of Information Technology and Telecommunications (Department) (collectively defendants), for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Global contends the district court, having considered matters outside the pleadings, committed reversible error by failing to convert defendants' Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

The district court perhaps understandably granted the City's motion to dismiss plaintiff's complaint because the papers before it contained serious allegations questioning whether it would be in the City's best interest to grant a pay phone franchise to plaintiff. But, in dismissing the complaint, the district court erred by considering matters outside the pleadings. We must therefore vacate the district court's judgment and remand the case to it.

## BACKGROUND

### A. *Facts*

Global is one of the largest independent providers of pay phones in New York City. Since 1990 it has installed and operated about 1,000 of them on the City's sidewalks and other public rights-of-way. In 1995 the City began to regulate pay phone providers by requiring that they obtain a franchise from the Department, which is the City's regulatory agency for telecommunications, if they wanted to continue doing business on the City's rights-of-way. As of 2002 there were 65,793 pay phones in New York City, of which about half were subject to City franchise and permit requirements. The other half, located on private—not City-owned—property, such as stores, lobbies, parking lots, malls, schools, hospitals, etc., do not require a permit from the City.

In 1996 Global began complying with the City's regulations and applied for a franchise. In May 2000 the Department issued a final decision denying Global's application on the ground that its sole shareholder and president, Ronald Massie, had been arrested by the FBI in March 2000 for engaging in extortion and organized crime with the Bonnano crime family and had used Global as a vehicle to launder money. Global successfully challenged the Department's denial in state court on due process grounds. The state court vacated and remanded the case with instructions to the Department to cure the procedural deficiencies. On remand in February 2003

the Department issued a preliminary decision that again denied Global a franchise. The Department observed that even if Massie's criminal activities were unrelated to Global's business, it would, in the exercise of its discretion, deny Global a franchise.

Plaintiff challenged this decision in a letter dated March 28, 2003. Global contended in the letter that the City's regulatory scheme and the Department's denial of the franchise violated federal telecommunications law. Global also proposed—in an effort to ameliorate any misgivings the Department might have regarding Global's integrity—to separate Massie from the operations of the company and to place his ownership interest in an irrevocable family trust. The defendants, ignoring plaintiff's letter, instead requested the immediate removal of all Global pay phones from the City's sidewalks and the sale of its pay phone business to a holder of a valid franchise.

### B. *District Court Proceedings*

Global responded to defendants' request by initiating the instant action in the Southern District on October 7, 2003. It alleged defendants' refusal to grant it a franchise violated, *inter alia,* the Telecommunications Act of 1996, Pub.L. No. 104–104, 110 Stat. 56(Act). The Act, in sweeping terms, prevents local authorities from enacting any statute, regulation, or other legal requirement that "prohibit[s] or ha[s] the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. § 253(a).

On November 12, 2004 the defendants moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They declared that their regulation of pay phones was not prohibited because another provision of the Act permits "local government[s] to

manage the public rights-of-way" and "to require fair and reasonable compensation from telecommunications providers … for use of public rights-of-way on a nondiscriminatory basis." 47 U.S.C. § 253(c). In defendants' view, the denial of a franchise to Global was a permissible exercise of the City's authority under the Act to manage the public rights-of-way, such as city sidewalks where plaintiff's pay phones are placed. Defendants asserted, in addition, that Global's affiliation with Massie and its other past criminal activities demonstrated it could not be trusted to compensate the City in a timely manner and without fraud.

On March 11, 2005 while the parties were still briefing the motion to dismiss, the Department issued a final determination implementing its preliminary decision of February 2003 not to grant Global a franchise and thereby extinguishing plaintiff's prospects for offering pay phones on the City's streets. That same day, defendants filed their reply to Global's opposition to defendants' Rule 12(b)(6) motion, attaching as an exhibit to its papers the Department's final determination.

Three months later, on June 9, 2005, the district court rendered a decision granting defendants' motion to dismiss. 373 F.Supp.2d 378 (S.D.N.Y.2005). In arriving at its conclusions, the trial court quoted from Massie's testimony as a government witness in certain criminal proceedings and from the final determination issued in March 2005. None of the quoted material is mentioned in plaintiff's complaint. *See id.* at 380. In light of the allegations in defendants' moving papers, the district court found that Global's prior criminal activities, and its past practice of failing to deal honestly with the City for use of the City's rights-of-way, constituted valid reasons for denying the franchise, stating

*First,* the City's refusal of a franchise to Global rests solidly on its authority to

obtain compensation for the use of its rights-of-way, without need for further support under the City's general right of administration or consideration of its scope. *Second*, since Global has no franchise it is unaffected by such provisions, and has no standing to complain of them.

*Id.* at 382 (emphases in original). By finding the denial of the franchise a valid exercise of the City's authority to obtain compensation, the district court effectively disposed of most of Global's claims, which were by and large premised on the invalidity of the franchise denial.

### C. *Proceedings in this Court*

Global appealed the district court's decision to this Court, declaring that the trial court committed procedural error by failing to convert the motion to dismiss into one for summary judgment, and that it had in fact stated a claim under the Act. Following oral argument of the appeal, we requested briefing from the Federal Communications Commission (FCC)—which had not been involved in this litigation—on the question of § 253's applicability to Global. In its *amicus* brief to us, the FCC expressed a view largely in accordance with that of the district court, stating that "if the City properly denied Global a franchise as a result of its owner's criminal activities, Global cannot receive a franchise even if some of the particular terms or conditions that the City imposes on such a franchise might be unlawful."

But the FCC declined to address the substantive issue regarding the interpretation of § 253 because it had not yet formally confronted the issue, and suggested the possibility of referring this matter to the Commission under the doctrine of primary jurisdiction. The federal agency also observed that "although the Commission has not itself addressed the question whether under § 253 State and local governments may take into account the character of franchise applicants, the Commission takes account of such matters in exercising its own regulatory authority." *E.g. Contemporary Media, Inc. v. FCC,* 214 F.3d 187 (D.C.Cir.2000).

On February 27, 2006 plaintiff moved, pursuant to Federal Rule of Appellate Procedure 8(a)(2), for a preliminary injunction to prevent the City from removing Global's pay phones from the City's rights-of-way, pending determination of this appeal. We granted the motion, even though Global had moved unsuccessfully for a similar injunction before a motions panel prior to oral argument.

## DISCUSSION

### I The Rule 12(b)(6) Conversion Requirement

With this background in mind, we turn to a discussion of the merits. We review *de novo* a district court's decision to dismiss a complaint pursuant to Rule 12(b)(6). *Allaire Corp. v. Okumus,* 433 F.3d 248, 249–50 (2d Cir.2006). On such a motion, we are constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor. *Id.* A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Upholding this standard of review is the requirement that

[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to

present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b); *see also Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000). As indicated by the word "shall," the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is "strictly enforce[d]" and "mandatory." *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir.1999); *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir.1985).

Our enforcement of Rule 12(b)'s conversion requirement reflects not an arbitrary preference for procedural niceties, but rather a recognition of and commitment to the distinct policies that undergird Rule 12(b)(6) and Rule 56, two of the most potent and prolific pretrial tools in the Federal Rules. The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it. *See AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir.2003); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed.2004).

The streamlined testing of the substantive merits, on the other hand, is more appropriately reserved for the summary judgment procedure, governed by Rule 56, where both parties may "conduct appropriate discovery and submit the additional supporting material contemplated by" that rule. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir.2002); *see Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir.1997) ("Although the mere allegation of the existence of [a fact] would be sufficient to withstand a challenge for failure to state a claim, something more is required to avoid summary judgment[, which] is designed to pierce the pleadings [and] flush out those cases that are predestined to result in a directed verdict."). Determining the summary judgment motion is fact-intensive. It is the proper procedural device to consider matters outside the pleadings, such as facts unearthed in discovery, depositions, affidavits, statements, and any other relevant form of evidence.

The conversion requirement of Rule 12(b) thus furthers the policies of both Rules by directing a pretrial motion to the vehicle most appropriate for its resolution, ensuring that the motion is governed by the rule specifically designed for the fair resolution of the parties' competing interests at a particular stage of the litigation. Moreover, the requirement expressly addresses and solves the major problem that arises when a court considers matters extraneous to a complaint, namely, the lack of notice to the plaintiff that outside matters would be examined. It deters trial courts from engaging in factfinding when ruling on a motion to dismiss and ensures that when a trial judge considers evidence dehors the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it. *See* Fed.R.Civ.P. 12(b) (requiring that "all parties . . . be given reasonable opportunity to present all material made pertinent to [the converted motion]"); *Amaker*, 179 F.3d at 50; *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("[I]t is for that reason—requiring notice so that the party against whom the motion to dismiss is made may respond—that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions."). That these two motions can be easily confused, *see MacDonald v. Safir*, 206 F.3d 183, 190 (2d Cir.2000); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and*

*Procedure* § 2713 (3d ed.1998), underscores the importance of our adherence to the requirement.

■ With these principles in hand, we agree with appellant that the district court committed reversible error when, in ruling that the complaint failed to state a claim for which relief could be granted, it considered matters outside plaintiff's complaint. In particular, the district court found that "Global cannot be expected to pay its obligations to the City in a timely or honest manner." 373 F.Supp.2d at 381. In making that finding, the court relied extensively upon a record that consisted of Massie's trial testimony in an unrelated criminal proceeding and the Department's final determination of March 2005 that conclusively denied Global a franchise, neither of which is part of Global's complaint. *See id.* at 380. Further, nothing in plaintiff's complaint or its attached exhibits indicates appellant's inability to pay the City in a timely or honest manner, and our posture of review, requiring that all inferences from the complaint be construed in the plaintiff's favor, *Allaire,* 433 F.3d at 249–50, compels us to conclude that Global would in fact do so. Thus, not only did the district court consider external material in its ruling, it relied on those materials to make a finding of fact that *controverted* the plaintiff's own factual assertions set out in its complaint. *See, e.g., Friedl,* 210 F.3d at 84. At the pleadings stage this was error. Instead, the trial court was required to convert the motion into one for summary judgment pursuant to Rule 12(b).

### II  Defendants' Arguments Regarding Exceptions to Conversion Requirement

■ We are not persuaded by defendants' arguments that consideration of the extrinsic materials was permissible because they were either integral to Global's complaint or an appropriate subject for judicial notice. While it is true that on a motion to dismiss a court may consider such materials notwithstanding Rule 12(b)'s conversion requirement, *see Cortec Indus.,* 949 F.2d at 47–48 (integral to the complaint); *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773–74 (2d Cir.1991) (judicial notice), the transcript of Massie's testimony and the final determination of March 2005 fall into neither of these categories.

### A.  Materials Integral to Complaint

■ First, with respect to whether the materials considered were integral to Global's complaint, a necessary prerequisite for that exception is that the "plaintiff[ ] *rel[y]* on the terms and effect of [the] document in drafting the complaint ...; mere notice or possession is not enough." *Chambers,* 282 F.3d at 153. Here, Massie's testimony as a government witness in an unrelated criminal proceeding was neither mentioned nor relied upon by appellant in drafting its complaint. And, the complaint's reference to Massie's guilty pleas cannot open the door to the content of his testimony proffered in exchange for the pleas, as the nexus between the two is too attenuated to render that testimony integral to the complaint. *See id.* (a court may consider extrinsic documents where the complaint "relies *heavily* upon its terms and effect" (emphasis added)); *id.* at 153 n. 3; *Friedl,* 210 F.3d at 84 (reference in complaint to conditions of work release did not permit district court to consider affidavit stating that conditions were in fact violated); *Goldman,* 754 F.2d at 1066 (limited quotation from material outside complaint does not constitute incorporation by reference); *Fudge v. Penthouse Int'l, Ltd.,* 840 F.2d 1012, 1015 (1st Cir.1988) ("Clearly, not every document referred to in a complaint may be considered incorporated by reference and thus

introduced by the moving party in support of a motion to dismiss.").

In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint. *See, e.g., Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196–97 (2d Cir.2005). The exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting. *See id.; Kramer*, 937 F.2d at 774. Clearly none of this is relevant to the district court's consideration of Massie's testimony and using that testimony to find appellant incapable of remunerating the City for use of its rights-of-way. To apply that exception here would stretch beyond reason the meaning of integral in this context.

### B. *Materials Subject to Judicial Notice*

█ Second, defendants do not seriously argue that the final determination of March 2005 was integral to the complaint, as it was issued after this action was initiated and logically could not have been contemplated by, much less integral to, the complaint. Instead defendants point out that the document, along with Massie's testimony, is a public record susceptible to judicial notice and therefore excepted from the conversion requirement. We cannot agree. "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998).

Hence, although the final determination of March 2005 and Massie's testimony may be public records of which a court may take judicial notice, "it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Lum v. Bank of America*, 361 F.3d 217, 222 n. 3 (3d Cir.2004); *Kramer*, 937 F.2d at 774 (permitting consideration of extraneous documents where they "are relevant not to prove the truth of their contents but only to determine what the documents stated"). Here, it is clear that the extraneous documents were used not to establish their existence, but rather to provide the reasoned basis for the court's conclusion that "the record shows that Global cannot be expected to pay its obligations to the City in a timely or honest manner." 373 F.Supp.2d at 381. Analysis of such material was therefore not appropriate under the judicial notice exception to the conversion requirement.

### III  Ruling on This Appeal

█ Finally, we think the district court's improper factual finding regarding Global's ability to compensate the City pervades the court's decision and, therefore, vitiates its legal rulings on appellant's other claims. *See, e.g., id.* at 380–81 ("No federal law or regulation should be construed to force the City to franchise Global ... when the record shows that Global cannot be expected to pay its obligations."); *id.* at 382 ("The facts on which the City relied ... are primarily contained in Mr. Massie's own testimony."); *id.* (holding § 253(c)'s scope immaterial to the court's decision because the franchise denial "rest[ed] solidly on [the City's] authority to obtain compensation for the use of its rights-of-way"); *id.* at 383 (holding that the City's regulations did not violate FCC regulations because the franchise denial "rested on Global's defaults on its obligations to the City and its untrustworthiness to pay compensation"); *id.* (dismiss-

ing freedom of speech and retaliation claims because franchise denial was valid). In light of the ubiquity of the court's procedural error, we cannot be certain that the district court's apparent conclusion that appellant would not pay its obligation did not color its analysis of the merits of Global's other claims. *Friedl,* 210 F.3d at 84. As a consequence, we must vacate the judgment of the district court and remand for summary judgment conversion and reconsideration of this case.

Nonetheless, in remanding on procedural grounds, we express no opinion regarding the correctness of the trial court's rulings on the merits, and it may well be that upon a motion for summary judgment the court will reach the same conclusions as it did initially. *See, e.g., Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999). In particular, we decline to address at this time the legal issue which will no doubt become central to the litigation, that is, whether 47 U.S.C. § 253 permits the sort of regulation of pay phone providers that occurred here.

This approach is the appropriate course to follow for several reasons. First, the district court, on remand and having the benefit of a more developed and balanced record pursuant to Rule 56 as well as the FCC's *amicus* brief, will be in a better position to determine in the first instance the underlying merits of the parties' arguments with respect to § 253. Second, even if the district court was correct in its legal conclusion—that § 253(c) contemplates a local government's right to require compensation from telecommunication providers, which includes the reasonable expectation that its compensation will be paid "accurately in full, on time, and without criminal involvement or fraud," 373 F.Supp.2d at 379—it could not have applied that interpretation to appellant on a motion to dismiss, unless it found Global incapable of paying the City without crimi-

nal involvement—a finding that, as discussed above, cannot properly be made at this stage of the litigation. For the same reason, the FCC's position that "if the City properly denied Global a franchise as a result of its owner's criminal activities, Global cannot receive a franchise even if some of the particular terms or conditions that the City imposes on such a franchise might be unlawful" is not relevant to our disposition of this appeal. Third, although again we express no view on the matter, it is possible that after development of the record the district court will find that application of the doctrine of primary jurisdiction is warranted—a disposition suggested by the FCC's brief. *See TCG N.Y., Inc. v. City of White Plains,* 305 F.3d 67, 74–75 (2d Cir.2002) (discussing the primary jurisdiction doctrine in the context of interpreting § 253).

Thus, under these and other scenarios, appellate review might become irrelevant, and arguably advisory, on the question whether the district court's interpretation of § 253 was correct. We believe it prudent to address that question when its resolution becomes necessary to determine the rights of the parties and only after further development of the record and clarification of the issues.

## CONCLUSION

Accordingly, the judgment of the district court is vacated and the case is remanded with instructions to convert defendants' motion to dismiss into one for summary judgment, and to permit the parties to present all materials pertinent to such a motion under Rule 56. The preliminary injunction granted by this Court