08-2573-pr
Green v. McLaughlin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

Present:
> Pierre N. Leval,
> Peter W. Hall,
> Debra Ann Livingston,
> > *Circuit Judges.*

_____

Shawn Green,

> *Plaintiff-Appellant,*

> v.                                                    No. 08-2573-pr

Kenneth McLaughlin, Inspector General, Donald Selsky, Director Inmate Disciplinary Program, Thomas G. Eagen, Director Inmate Grievance Program, Affirmative Action Administrator, W.E. Phillips, Superintendent, C.J. Koenigsmann, GHCF Senior Counselor, James Temple, GHCF Senior Counselor, Delores Thornton, Program Deputy, L. Goidel, of IGP, Unidentified Personnel, J. Rosario, Records Access Officer, T. Gotsch, Lieutenant, Sergeant Markham, F. Sarles, Officer, D. Huttell, Officer, G. Tilltoson, Officer,

> *Defendant-Appellees.*

_____

For Plaintiff-Appellant:       Shawn Green, *pro se*, Elmira, NY

For Defendant-Appellees:      Patrick J. Walsh, Assistant Solicitor General, *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, NY

_____

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **REMANDED**.

Plaintiff Shawn Green, *pro se*, a prisoner serving a New York State sentence, appeals from a judgment of the United States District Court for the Southern District of New York (Griesa, J.), dismissing his suit under 42 U.S.C. § 1983 against various correctional officers and staff. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, defendants argue that we lack jurisdiction over this case because Green's notice of appeal was untimely. However, the notice is dated within thirty days after the district court's judgment was entered, and defendants have made no showing that it was not delivered to prison authorities until later. *See* Fed. R. App. P. 4(a)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that, in the context of prisoner litigation, delivery to prison authorities constitutes filing). We cannot conclude that the notice was untimely.

We turn, then, to the district court's grant of the motion to dismiss. We cannot discern the basis for the district court's judgment. The court stated that it thoroughly reviewed the

complaint and documents attached thereto and found that "most of the violations alleged do not rise to the level of constitutional violations." The court, however, neither identified which of the claims failed to state a constitutional claim, nor explained the basis for that conclusion, nor explained why the remainder of the claims were dismissed.

The decision is "too spare to serve as a basis for . . . review." *Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir. 2000). We therefore remand, asking the court to clarify the basis for its decision. Within ten days of the decision of the district court, any party to the proceedings may restore jurisdiction to this panel by giving notice to the Clerk of the Court. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

We recognize that the brevity of the district court's decision likely reflects the court's appreciation of the substantial judicial resources that have been expended adjudicating "at least 50 state and federal lawsuits . . . filed [by this plaintiff] in the past ten years." *Green v. McLaughlin, et al.*, No. 07-0263, slip op. at 5 (S.D.N.Y. March 31, 2008). We sympathize with the court's frustration and require only a brief statement of the grounds of dismissal, sufficient to enable us to pass on the appeal. We note finally that a district court is not powerless to defend itself against a litigant "improperly using the federal . . . courts" to "wag[e] an attack on the . . . prison system." *Id.* The court may enjoin a litigant who exhibits a history of vexatious litigation from filing further actions without leave of the court, where it determines that the litigant "is likely to continue to abuse the judicial process and harass other parties." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (setting forth five factors a district court should consider when determining whether to restrict a litigant's future access to the courts).

For the foregoing reasons, the action is hereby **REMANDED** to the district court for further proceedings.

                                                    FOR THE COURT:
                                                    CATHERINE O'HAGAN WOLFE, CLERK