11-5451-pr
Green v. McLaughlin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

**PRESENT:**

> **PIERRE N. LEVAL,**
> **PETER W. HALL,**
> **DEBRA ANN LIVINGSTON,**
> *Circuit Judges.*

------------------------------------------------

**Shawn Green,**

> *Plaintiff-Appellant*,

> **v.**                                                          11-5451-pr

**Kenneth McLaughlin, Inspector General, Donald Selsky, Director Inmate Disciplinary Program, Thomas G. Eagen, Director Inmate Grievance Program, Affirmation Action Administrator, W. E. Phillips, Superintendent, C.J. Koeignsmann, GHCF Senior Counselor, James Temple, GHCF Senior Counselor, Delores Thronton, Program Deputy, L. Goidel, of IGP, Unidentified Personnel, J. Rosario, Records Access Officer, T. Gotsch, Lieutenant, Sergeant Markham, F. Sarles, Officer, D. Huttell, Officer, G. Tilltoson, Officer,**

> *Defendants-Appellees*.

------------------------------------------------

**FOR PLAINTIFF-APPELLANT:**          Shawn Green, *pro se*, Elmira, NY.

**FOR PETITIONER-APPELLEE:**          Patrick J. Walsh, Assistant Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Shawn Green, *pro se*, a prisoner serving a New York State sentence, appeals from the May 21, 2010 order of the district court adhering to its March 31, 2008 judgment and order dismissing Green's 42 U.S.C. § 1983 claims on the Appellees' motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

By summary order of April 22, 2010, after determining that the district court's March 31, 2008 order did not explain the basis for the dismissal of Green's complaint, we remanded pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to clarify the basis for its decision. *Green v. McLaughlin*, 374 Fed. App'x 173 (2010). In its May 21, 2010 order, the district court provided an expanded explanation for its dismissal and we now turn to the merits of Green's arguments on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(6). *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Under Rule 12(b)(6), pro se complaints are to be construed liberally, accepting as true all factual allegations in the complaint, and drawing all reasonable inferences in the plaintiff's favor. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). To survive a Rule

2

12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Thus, plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris*, 572 F.3d at 72, we look for such allegations by reading the complaint with "special solicitude" and interpreting it to raise the strongest claims it suggests. *Triestman*, 470 F.3d at 474-75 (quoting *Routolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

We have conducted a *de novo* review of the record in light of these principles and now affirm the district court's dismissal of Green's complaint. First, the district court correctly concluded that Green's allegations of a conspiracy were conclusory and insufficient to state a claim. *See Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"). Aside from his conclusory statement that there was a "meeting of the minds" between the defendants, Green's complaint alleged no facts upon which it may be plausibly inferred that the defendants came to an agreement to violate his constitutional rights. *See Iqbal*, 556 U.S. at 680-81

3

(allegations that the defendants "willfully and maliciously agreed to subject" the plaintiff to harsh conditions of confinement "solely on account of his religion, race, and/or national origin" found conclusory); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators").

Green's claim that, in retaliation for his various grievances and complaints against prison officials, those officials filed false misbehavior reports against him, was also properly dismissed because the claim is precluded. The doctrine of issue preclusion, or collateral estoppel, provides that "an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the parties or their privies." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (internal quotation marks and emphasis omitted). Under New York law, issue preclusion occurs where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of New York*, 377 F.3d 200, 205-06 (2d Cir. 2004). Green raised his retaliation claim in a previous Article 78 proceeding in the New York Supreme Court, Dutchess County. *See Green v. Selsky*, No. 3862/04 at *3 (N.Y. Sup. Ct. Jan. 28, 2005) (unpublished decision). When addressing Green's retaliation claim, the New York Supreme Court stated that "there was nothing in the record before this court which would support such a claim." *Id.* Because Green has not asserted that he did not have a full and fair opportunity to litigate this issue, he is precluded from raising this claim in federal court. *See Evans v. Ottimo*, 469 F.3d 278, 281-82 (2d Cir. 2006) ("[T]he party attempting to defeat [the] application [of issue preclusion] has the burden of establishing the absence of a full and fair opportunity to litigate the issues.").

4

In his superceding brief, Green argues that the "ambulatory health records" attached to his complaint support his class-of-one equal protection and medical deliberate indifference claims by illustrating that Appellee C.J. Koeignsmann removed Green's medical hold "without any sound medical judgment." A review of those health records clearly refutes Green's argument as they show that the decisions to remove Green's medical hold and change his medical level from one to two were signed, not by Koeignsmann, but by a different medical staff member who was not named as a defendant. As "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," Koeignsmann's lack of involvement in these actions is fatal to Green's argument. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

In addition, even if Green had named the correct defendant, the allegations supporting his class-of-one and medical deliberate indifference claims would fail to state claims upon which relief may be granted. First, plaintiffs alleging a class-of-one equal protection violation must, *inter alia*, "'show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). Here, Green variously described the inmates to which he compared himself as "other inmates at Green Haven with medical holds," and "other inmates with acute medical problems." Neither of these broad categories is sufficient to demonstrate the level of specificity required by class-of-one claims as they do not permit an inference that the members of these classes are "so similar [to Green] that no rational person could see them as different." *Ruston*, 610 F.3d at 60. Most importantly, Green has not identified any other similarly situated inmates with diabetes whose medical holds were not rescinded and who were allowed to remain at Green Haven. *See Village*

5

*of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (plaintiff must allege that he "has been intentionally treated differently from others similarly situated").

Second, with respect to his medical deliberate indifference claim, Green alleged in his complaint that GHCF medical staff knew of his diabetes and nonetheless transferred him to Southport Correctional Facility, where he suffered three hypoglycemic incidents. The Eighth Amendment medical deliberate indifference analysis is composed of both objective and subjective components. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Under the subjective prong, mere negligence is not actionable, nor is "'mere medical malpractice' . . . tantamount to deliberate indifference." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553). Instead, deliberate indifference is "equivalent to subjective recklessness, as the term is used in criminal law . . . [and] requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006); *see also Chance*, 143 F.3d at 703 (culpable recklessness is "an act or failure to act . . . that evinces a conscious disregard of a substantial risk of serious harm" (citation and internal quotation marks omitted)).

Assuming that diabetes is "sufficiently serious" to satisfy the objective component of the medical deliberate indifference test, Green has not satisfied the subjective prong by alleging that any of the GHCF medical staff was aware of a substantial risk that, if he were transferred to Southport, serious harm would result. Specifically, Green has never explained why Southport was ill-equipped to treat his diabetes and, more importantly, he has not alleged that any individual at Green Haven knew that there was a substantial risk that Southport would provide inadequate treatment for Green's diabetes, and then consciously disregarded that risk by approving the transfer. *See Salahuddin*, 467 F.3d at 280. Accordingly, there is no indication

6

that Green could state a plausible medical deliberate indifference claim, even if he had named the correct defendant.

Green also argues that his ambulatory health records substantiated his Eighth Amendment excessive force claim. The Eighth Amendment "prohibits the infliction of cruel and unusual punishments, including the unnecessary and wanton infliction of pain." *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (citation and internal quotation marks omitted). For excessive force claims, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Green's ambulatory health records indicate that on the day after the incident in the prison shower involving Appellees Huttel, Sarles, and Tillotson, Green received treatment for a slight abrasion on his right wrist and was given Motrin for pain. While his health records support his allegation that he suffered some injury following this incident, Green's complaint must still be examined to determine whether he plausibly alleged that the force that caused this injury was used "maliciously or sadistically," rather than in a good faith attempt to restore discipline. *See id.* at 6-7. Although Green characterizes his encounter with the officers as an "attack," he has not alleged facts supporting a reasonable inference that the officers either used excessive force or acted either sadistically or with malice. While we recognize that *pro se* complaints must be read with solicitude, Green has not adequately alleged facts that could constitute cruel and unusual punishment in violation of the Eighth Amendment.

Finally, Green argues that, in light of the exhibits attached to the defendant's motion to dismiss and the documents he submitted in connection with his cross-motion for summary judgment, the district court should have converted the motion to dismiss into one for summary

7

judgment. "[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone *or* convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (alteration in original) (emphasis added) (internal quotation marks omitted). In its decision, the district court clearly chose to exclude the additional material attached to the defendants' motion to dismiss—it first summarized the allegations made in Green's complaint, citing no facts other than those alleged in the complaint, and then referenced no documents other than the complaint in its discussion of Green's claims. Accordingly, because the mere "[a]ttachment of an affidavit or exhibit to a Rule 12(b)(6) motion . . . does not without more establish that conversion is required," *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999), and there is no indication "that the district court relied on inappropriate material in granting the motion," *id.*, Green's arguments are without merit.

We have considered all of Green's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk